IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE FARM FIRE & CASUALTY CO., | : | |
| Plaintiff | : | No. 1:23-cv-01661 |
| | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| PPL ELECTRIC UTILITIES, | : | |
| Defendant | : | |

## MEMORANDUM

Before the Court is Plaintiff State Farm Fire & Casualty Co. ("Plaintiff")'s fully briefed motion for leave to amend the case's caption. (Doc. No. 25.) For the reasons that follow, the Court will deny Plaintiff's motion for leave to amend.

## I.   BACKGROUND[1]

Prior to May 10, 2022, Defendant PPL Electric Utilities ("Defendant"), "and/or its agent[,]" repaired a damaged electrical line in the immediate vicinity of the home of Loretta Black ("Black" or "Subrogor Black") located at 2450 N. 4th Street, Harrisburg, Pennsylvania. (Doc. No. 1 ¶¶ 3, 9.) On or about May 10, 2022, a fire occurred at Black's home. (Id. ¶ 11.) The fire caused damage to Black's home and "forced [her] to suffer the imposition of additional expenses and other harms." (Id.) An investigation into the cause of the fire indicated that Defendant and/or its agent failed to install insulation or other protective materials on the connector covers on the electrical lines. (Id. ¶ 12.) As a result of the fire, Plaintiff paid Black

---

[1] The factual background is drawn from Plaintiff's complaint (Doc. No. 1), the allegations of which the Court accepts as true for the purposes of the pending motion for leave to amend the case caption. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010) (requiring, when considering a motion to amend, the acceptance of the allegations in the proposed amended complaint as true to determine whether the amendment would be futile).

monies consistent with the homeowners insurance policy she maintained with Plaintiff.  (Id. ¶¶ 3, 4, 13.)

On October 5, 2023, Plaintiff initiated the instant action alleging that Defendant acted negligently when performing its duties related to the repair of the electrical lines.  (Id. ¶¶ 14–16.)  Defendant filed an answer to Plaintiff's complaint on November 2, 2023.  (Doc. No. 5.)  The Court set a close of fact discovery date of June 28, 2024, at the case management conference held on December 15, 2023.  (Doc. No. 11.)  After Plaintiff filed two motions for an extension of time to complete discovery (Doc. Nos. 12, 14), fact discovery ended on October 26, 2024 (Doc. No. 20).  Subsequently, the Court held a telephone status conference and issued an Order directing the parties to file Daubert motions on or before June 6, 2025.  (Doc. No. 24.)  The parties subsequently filed Daubert motions (Doc. Nos. 30, 31), which have been fully briefed (Doc. Nos. 32–36) and remain pending.

On March 12, 2025, Plaintiff filed the instant motion for leave to amend the case's caption along with a brief in support.  (Doc. Nos. 25, 26.)  On March 21, 2025, Defendant filed his brief in opposition with exhibits.  (Doc. Nos. 28, 29.)  Plaintiff has not filed a reply brief.  Because the time for doing so has passed, Plaintiff's motion is ripe for disposition.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) generally governs requests for amendment of pleadings and provides, in pertinent part, that after amending a complaint once as a matter of right, "a party may amend its pleading only with the opposing party's written consent or the [C]ourt's leave.  The [C]ourt should freely give leave when justice so requires."  See Fed. R. Civ. P. 15(a)(2).  As the Supreme Court of the United States ("Supreme Court") has stated, "the grant or denial of an opportunity to amend is within the discretion of the District Court . . . outright

refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion, it is merely an abuse of discretion and inconsistent with the spirit of the Federal Rules." See Foman v. Davis, 371 U.S. 178, 182 (1962).

Grounds potentially justifying denial of leave to amend are "undue delay, bad faith, dilatory motive, prejudice, and futility." See id. at 182; In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). "Futility" means that the complaint, as amended, would fail to state a claim upon which relief can be granted. See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002); In re Burlington, 114 F.3d at 1434. In assessing "futility," a district court applies the same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6). See In re Burlington, 114 F.3d at 1434; 3 Moore's Federal Practice, § 15.15[3] at 15-55 to 15-61 (3d ed. 2013). Accordingly, in assessing the potential futility of a proposed amended complaint, the Court must accept as true the allegations in the proposed amended complaint and construe those allegations in the light most favorable to the party seeking leave to amend. See In re Ins. Brokerage Antitrust Litig., 618 F.3d at 314.

The issue of "prejudice" focuses on hardship to the defendant if the amendment were permitted, specifically, whether amendment "would result in additional discovery, cost, and preparation to defend against new facts or new theories." See Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001). With regard to "undue delay," the United States Court of Appeals for the Third Circuit has held that the mere passage of time does not require that a motion to amend a pleading be denied; "however, at some point, the [movant's] delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." See Adams v. Gould, Inc., 739

F.2d 858, 868 (3d Cir. 1984).  In assessing the issue of "undue" delay, the Court's focus is on the movant's motives for not amending sooner.  See id.

Federal Rule of Civil Procedure 17(a) states that "an action must be prosecuted in the name of the real party in interest."  See Fed. R. Civ. P. 17(a)(1).  In cases where there is a subrogation agreement, the Supreme Court has stated that a subrogee is the only real party in interest "and must sue in its own name" "if [it] has paid an entire loss suffered by the insured[.]"  See United States v. Aetna Cas. & Sur. Co., 338 U.S. 366, 380–81 (1949); accord Green v. Daimler Benz, AG, 157 F.R.D. 340, 341 (E.D. Pa. 1994).  However, "[i]f [a subrogee] has paid only part of the loss, both the insured and insurer (and other insurers, if any, who have also paid portions of the loss) have substantive rights against the tortfeasor which qualify them as real parties in interest."  See Aetna Cas. & Sur. Co., 338 U.S. at 381.

### III. DISCUSSION

Plaintiff's motion for leave to amend the case's caption seeks to substitute Subrogor Black as the plaintiff and remove all references to the current Plaintiff, State Farm Fire & Casualty Co. ("State Farm").  The Court first recounts the arguments of the parties before addressing whether to grant leave to amend.

#### A. Arguments of the Parties

Plaintiff asserts that leave to amend is proper because it seeks to amend the case caption pursuant to Federal Rule of Civil Procedure 17, which permits the ratification, joinder, or substitution of the real party in interest without dismissal for failure to prosecute in the name of the real party in interest.  (Doc. No. 26 at 2 (citing Fed. R. Civ. P. 17(a)(3)).)  Plaintiff maintains that prevailing case law permits the substitution of Subrogor Black as the plaintiff and the subsequent removal of all references to State Farm as a means to avoid prejudice should the case

4

proceed to trial before a jury. (Id. at 3.) Plaintiff argues that its motion for leave to amend should not be precluded because: (1) Black has already been deposed and the universe of claims and damages has not changed, which would not cause a delay in the case; (2) the amendment is not in bad faith and seeks merely to remove any potential prejudice or bias against an insurance company; (3) Plaintiff has not previously sought to cure any deficiencies by prior amendments; (4) Defendant would not suffer undue prejudice from this amendment; and (5) there is no evidence that the amendment would be futile. (Id. at 4.) Plaintiff lastly asserts that the amendment relates back to the filing of the original complaint because it is seeking only to amend the caption and the pleadings to remove any reference to State Farm "to avoid undue prejudice." (Id.)

In response, Defendant contends that there is no legal basis for the Court to grant Plaintiff's request to substitute Subrogor Black for State Farm. (Doc. No. 28 at 2.) Defendant argues that actions in federal courts must be prosecuted in the name of the real party in interest, and Plaintiff is the undisputed real party in interest. (Id. at 2, 5.) Defendant also argues that granting Plaintiff's motion "would, in effect, insert[] an exception to F[ederal] R[ule] [of] Civ[il] P[rocedure] 17(a) into the Federal Rules of Civil Procedure, where such an exception does not otherwise exist." (Id. at 4.) Defendant maintains that "requiring State Farm [. . .] to prosecute this action in accordance with F[ederal] R[ule] Civ[il] P[rocedure] 17(a) is not evidence at all [. . .] [let alone] evidence that [] Black, State Farm, or Defendant acted negligently or otherwise wrongfully." (Id. at 6.)

B. Whether the Court Will Grant Leave to Amend

Upon consideration of the briefs and the relevant authorities, the Court will deny Plaintiff leave to amend the case's caption to substitute Subrogor Black for Plaintiff and remove all

5

references to State Farm.  At the outset, the Court interprets Defendant's contention as arguing that Plaintiff's amendment is futile because there is "no legal basis for the Court to substitute Subrogor Black for Plaintiff."  See (id. at 2).  The Court agrees that Plaintiff's amendment would be futile because the amendment would substitute the real party in interest with another party, which would fail to state a claim upon which relief may be granted.  See In re Burlington, 114 F.3d at 1434.  As noted supra, Plaintiff alleges that it "became subrogated to certain recovery rights and interests of subrogor, i.e.[,] for monies paid per the policy, including the claims pursued via this action."  (Doc. No. 1 ¶ 4.)  Plaintiff asserts that the monies it paid was "to the extent of[,]" "and consistent with[,]" "the terms of [Subrogor Black's] policy."  (Id. ¶ 13.)  Plaintiff attached no exhibits to its complaint and did not provide undisputably authentic documents for the Court's consideration.  Thus, taking the allegations of the complaint as true, Plaintiff is the sole real party in interest because the allegations indicate that Plaintiff paid Subrogor Black's entire loss.  See Aetna Cas. & Sur. Co., 338 U.S. at 380–81.  As the sole real party in interest, only Plaintiff may prosecute this action, and thus Plaintiff's motion for leave to amend the case's caption and remove all references to State Farm is futile because it seeks to permit a non-real party in interest to prosecute this case in violation of Federal Rule of Civil Procedure 17(a).  See id. (holding that a subrogee who paid the entire loss of a subrogor is the sole real party in interest); Fed. R. Civ. P. 17(a)(1), (3) (stating that an action must be prosecuted in the name of the real party in interest and a case may be dismissed for failure to prosecute in the name of the real party in interest provided that the court allow a reasonable time for the real party in interest to ratify, join, or be substituted into the action).  Accordingly, the Court will deny Plaintiff's motion for leave to amend the case's caption.

## IV.     CONCLUSION

For the forgoing reasons, the Court will deny Plaintiff's motion for leave to amend the case's caption.  An appropriate Order follows.